

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Tom C. King
State Auditor and Efficiency Expert
Austin, Texas

Dear Sir:
Opinion No. 0-1693
Re: Does Senate Bill #455 purport to
validate the procedure so as to
give the sanction of the Legisla-
ture to an originally unlawful
pledge of funds?

Your request for an opinion has been received by
this department. We quote from your letter as follows:

"Chapter 5, Acts 43rd Legislature, 2nd
Called Session, provides for bond issues by the
Board of Regents of the State Teachers College
to secure loans to the various institutions
under their charge, for the purpose of construct-
ing needed buildings. The Act, in specifying
the money available for payment of the bonds,
limits the same 'solely' to revenues derived
from the operation of the buildings constructed
under its authority. This Act, with its amend-
ments, has been codified as Art. 2603c in
Vernon's Annotated Statutes.

"Senate Bill 455, 46th Legislature purports
to validate all Acts of the Board, theretofore
had in issuing bonds 'to accomplish purposes
authorized under the provisions of Chapter 5'.
This Act is codified by Vernon as Art. 2603c1.

"Your opinion is respectfully requested as
follows:

"1.  If a bond issue was made, under color
of the authority of the said Chapter 5,
but which in fact provided for the use
of repayment funds not available for
that purpose under the Act, does Senate
Bill 455 purport to validate the pro-
cedure so as to give the sanction of the
Legislature to the originally unlawful
pledge of funds?

"2.   Is the Act (Senate Bill 455) effective in
thus providing additional funds for such
purposes than those allowed under the
original Act, at least as to the issues
executed between their respective dates?"

In answering this request we enclose a copy of our
Opinion No. 0-1662, addressed to Honorable Tom C. King, State
Auditor and Efficiency Expert, Austin, Texas, which holds
that the Board of Regents of the State Teachers College is
not authorized to use either appropriations from the general
fund or local or institutional funds in payment of bonds
issued under Chapter 5, Acts of the Forty-third Legislature,
Second Called Session.

Senate Bill 455 provides as follows:

"Art. 2603cl.  Validation of proceedings and bonds
purchased by Federal Agencies.

"That severally all the acts of the Board of Regents
of the University of Texas, the Board of Directors of
the Agricultural and Mechanical College of Texas, the
Board of Directors of Texas Technological College, the
Board of Regents of the State Teachers Colleges, the
Board of Regents of the Texas State College for Women,
and the Board of Directors of the Texas College of Arts
and Industries, heretofore had in the authorization,
issuance, and delivery of bonds, notes or warrants,
evidencing loans made to accomplish purposes authorized
under the provisions of Chapter 5, Acts of the Second
Called Session of the Forty-third Legislature, and a-
mendments thereto, and all other laws of the State of
Texas, relating to such bonds, notes or warrants, in-
cluding the construction, acquisition and equipping of
dormitories, kitchens and dining halls, hospitals,
libraries, student activity buildings, gymnasia, athletic
buildings and stadia, and other buildings, are here-
by in all things validated.  Any such bonds, notes or
warrants heretofore issued, or that may be issued here-
after, pursuant to any order or resolution of any such
Board of Directors or Board of Regents heretofore a-
dopted, are in all things fully validated, and such
bonds, notes or warrants, the pledge of the revenues by
any such Board of Directors or such Board of Regents
to secure and assure the payment of such obligations,
and the provisions and covenants as to rates and charges
supporting such pledges, are in all things ratified,
and such bonds, notes or warrants are hereby declared
to be the valid and binding special obligations of such

Board of Directors or such Board of Regents, to be
paid out of revenues pledged and not otherwise
obligations of such respective institutions.  It
is hereby made  the duty of  said Boards of
Directors and of said Boards of Regents to fix,
maintain and collect charges or rates, sufficient
for a reasonable  reserve  and  to pay  the in-
terest as  it accrues and the  principal as it
matures of any such bonds, notes or warrants
heretofore or hereafter authorized by such Boards.

"Provided, however, that the provisions of
this Act shall apply only to such bonds, notes
or warrants as have heretofore or may hereafter
be purchased by the Government of the United
States or some agency thereof,  or which bonds,
notes, or warrants are under  contract of pur-
chase  by the Federal  Government or any agency
thereof.  Acts 1939, 46th Leg., S.B. #455, Sec.1."

It seems to be the settled law of this State that
the Legislature may legalize unauthorized acts of surbordi-
nate agencies where same would have been valid under legis-
lative sanction previously given.  Louisiana Ry, & Nav. Co.
v. State, 298 S.W. 462, Aff. 7 S.W. (2) 71; Anderson Co. Rd.
Dist. No. 8 vs. Pollard, 296 S.W. 1062.

Under the statement of facts given in your letter
the Legislature could not at this time validate the unlawful
pledging of funds or make additional appropriation out of
public funds to pay principal and interest on bonds issued
under Chapter 5, Acts of the Forty-third Legislature, Second
Called Session.  An additional appropriation from the funds
in the State Treasury or from local or institutional funds
would be in violation of Article 3, Section 44 of the Con-
stitution of Texas, which provides, in part, that the Legis-
lature shall not "grant, by appropriation or otherwise, any
money out of the Treasury of the State, to any individual,
on a claim, real or pretended, when the same shall not have
been provided for by preexisting law."

There being no liability against the State because
under the expressed provision of the statute authorizing the
construction of buildings and the issuing of the bonds in
question, there would be no "preexisting law" to serve as
the basis of the appropriations of any public funds to repay
the loan, and such appropriations would be in violation of
Article 3, Section 44 of the Constitution.  Ft. Worth
Cavalry Club vs. Sheppard, 83 S.W. 660.

For reasons above stated, and also as set out in the enclosed opinion, it is the opinion of this department that Senate Bill 455, Forty-sixth Legislature, does not purport to validate the procedure so as to give the sanction of the Legislature to the originally unlawful pledge of funds, and also does not attempt to provide additional funds for such purposes than those allowed under the original Act.

Trusting that this answers both of your questions, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/Claud O. Boothman
Claud O. Boothman
Assistant

COB:s:wc


APPROVED FEB 27, 1940
S/W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

This Opinion Considered and Approved in Limited Conference